**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CAROLYN JOHNSON,**

            **Plaintiff,**

**-vs-**                                              **Case No. 6:07-cv-814-Orl-31DAB**

**ACT, CORP.,**

            **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion to Vacate (Doc. 11) filed by the Defendant, ACT, Corp. ("ACT"), and the response (Doc. 13) filed by the Plaintiff, Carolyn Johnson ("Johnson") (Doc. 13).

**I.    Background**

Johnson filed the instant suit on May 15, 2007 (Doc. 1) and served ACT on September 10, 2007 (Doc. 6). Nearly three months later, with the Defendant having failed to appear, the Court ordered Johnson to show cause why the case should not be dismissed for failure to prosecute. (Doc. 7). Johnson responded by moving for a default (Doc. 9), which the clerk entered on December 18, 2007 (Doc. 10).

ACT contends, and Johnson does not dispute, that upon initial receipt of the complaint, the Chief Financial Officer of ACT, Thomas Cox ("Cox"), submitted it to the company's insurance carrier, AIG, via correspondence dated September 19, 2007. In return, AIG sent Cox an acknowledgment and a claim number, leading Cox to believe AIG was handling the case and

would file the necessary pleadings.  In January 2003, AIG notified ACT that coverage for the claim had been denied.  ACT and AIG continued to discuss whether the claim should be covered.  According to Cox, he (and, by extension, ACT) first learned on February 20, 2008 that AIG had not filed an answer and that default had been entered in December.  Five days later, ACT filed the instant motion, seeking to have the default set aside on the grounds of excusable neglect.

**II.     Standard**

Federal Rule of Civil Procedure 60(b)(1) permits a court to overturn a default because of "mistake, inadvertence, surprise, or excusable neglect."  To establish such a mistake, inadvertence, or excusable neglect, the defaulting party must show that (1) it had a meritorious defense that might have affected the outcome; (2) granting the motion would not result in prejudice to the non-defaulting party; and (3) a good reason existed for failing to comply with the complaint.  *Florida Physician's Ins. Co., Inc. v. Ehlers*, 8 F.3d 780, 783 (11th Cir. 1993).  "With respect to the third element, a technical error or a slight mistake by a party's attorney should not deprive the party of an opportunity to present the merits of his claim."  *Id.* (internal quotation omitted).

**III.    Analysis**

ACT has met the first two requirements for overturning the default.  Johnson concedes she would suffer no particular prejudice if the default is vacated and that ACT has raised defenses that, if proven, would affect the outcome of these proceedings.  However, Johnson contends that ACT has failed to demonstrate a good reason for its failure to answer the complaint.  In Johnson's view, ACT's actions fall well short of excusable neglect.  Despite knowing that an answer was due on September 28, 2007, ACT simply submitted the complaint to its insurer, making no effort to verify that the case was being handled even after AIG notified it that coverage had been denied.

This is a close case. The Court has difficulty in concluding that ACT has demonstrated sufficient diligence to warrant vacating the default. In most cases, mailing a copy of one's complaint to one's insurer, and then failing to follow up even after the insurer denies coverage, would not be enough. However, the Court notes that Johnson has not acted particularly expeditiously in this matter, having to be prodded (on pain of dismissal) to file the motion for default judgment. Also, ACT acted promptly upon learning of the default, retaining counsel and filing an answer and the instant motion within five days. These considerations tip the scales in the Defendant's favor just enough to warrant vacating the default. Accordingly, it is

**ORDERED** that the Motion to Vacate (Doc. 11) filed by the Defendant, ACT, Corp., is **GRANTED**, and the entry of default (Doc. 10) is hereby **VACATED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on March 21, 2008.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party